IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

B-K CYPRESS LOG HOMES INC,

    Plaintiff,

v.                                              CASE NO. 1:09-cv-00211-MP-GRJ

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 134, Second Amended Bill of Costs and Attorney's Fees by B-K Cypress Log Homes Inc. Pursuant to the Court's September 15, 2011 Order, plaintiff filed a second amended bill for all costs and attorneys' fees expended on obtaining discovery from defendant, including time spent obtaining the sanctions order. Plaintiff's previous request for costs and attorneys' fees failed to specify the numbers of hours expended, the work performed, or the requested rate of compensation. Plaintiff's bill of costs was similarly deficient in that it failed to include any itemization or documentation of requested costs.

Plaintiff's second amended bill specifically describes the requested rate of compensation and the numbers of hours spent obtaining discovery from defendant with sufficient detail to identify the exact nature of the work performed. Furthermore, the plaintiff's request includes a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed. Plaintiff's instant request also includes an itemization of requested costs. Despite these revisions, defendant continues to

object to the requested attorneys' fees as unreasonable.

The methodology for determining reasonable attorney's fees begins with a calculation of the lodestar.[1]  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983).  The resulting fee carries a "strong presumption" that it is reasonable. *Blum v. Stevenson*, 465 U.S. 886, 897, 104 S. Ct. 1541 (1984).  "[T]he lodestar as calculated in *Hensley* presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2-106 (1980) and adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)."  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Delaware Valley Citizens' Council*, 478 U.S. 546, 106 S. Ct. 3088 (1986) (Delaware Valley Citizens' Council I)).

Under *Hensley*, the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate.  *See Norman*, 836 F.2d at 1299.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299.  The plaintiff bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates.  *See id*.  However, the court may use its own knowledge and experience in assessing the reasonableness of

---

[1] The Florida Supreme Court has adopted the federal lodestar approach as the starting point in calculating an award of attorney's fees.  *See Bell v. U.S.B. Acquisition Co., Inc.*, 734 So. 2d 403, 406-07 (Fla. 1999) (discussing *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985)).  Thus, it is unnecessary for the Court to determine whether federal or state law applies in determining the amount of attorney's fees to be awarded.

*Case No: 1:09-cv-00211-MP-GRJ*

attorneys' fees and may form an independent judgment either with or without witnesses. *See id.* The next step in the computation of the lodestar is the ascertainment of reasonable hours. *Hensley* teaches that "excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed. 461 U.S. at 434, 103 S. Ct. at 1939-40. Finally, in determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims. *See Hensley*, 461 U.S. at 435, 103 S. Ct. at 1940.

The defendant makes several objections to plaintiff's bill of costs and attorneys' fees. First, the defendant objects to the plaintiff's hourly rates as unreasonable. Plaintiff's bill contains two different hourly rates for attorneys Steven A. Marino and Rochelle N. Willis. As such, the defendant contends that the fees are vague and preclude the Court from finding the attorneys' fees reasonable absent clarification of the rates. The Court disagrees and finds that an annual rate increase accounts for the different rates. A review of the plaintiff's time records confirm that Steven A. Marino expended 6.90 hours in 2010 at $450.00 an hour and 10.80 hours in 2011 at $475.00 an hour. Similarly, Rochelle N. Willis expended 49.40 hours in 2010 at $195.00 an hour and 13.90 hours in 2011 at $210.00 an hour.

The defendant also argues that the hourly rates for attorney Willis are not reasonable fees for the nature of the worked performed and her experience. Defendant points out that Ms. Willis was admitted to the Florida Bar less than four months before she began working on this case.

Attorney Willis is an associate at Ver Ploeg & Lumpkin, P.A., which is a Miami-

based law firm that specializes – almost exclusively – in the particular area of (bad faith) insurance law, which forms the basis of the instant lawsuit. Plaintiff's counsel are thus experienced and specialized practitioners in the type of litigation undertaken in this lawsuit. *See Norman*, 836 F.2d at 1300 (Providing that the skill of counsel is a factor to be considered in determining a reasonably hourly rate). Moreover, the plaintiff has submitted the affidavit of Nicholas A. Shannin, a Florida Bar board certified appellate attorney, who states that the hourly rate for attorney Willis is "well within the range of the fees customarily charged in this community for the kind of services performed by an associate." Doc. 134, Exhibit F. The Court agrees with Mr. Shannin's assessment and concludes that the hourly rates for attorney Willis are reasonable for a first or second year associate practicing in Miami, Florida.

Next, the defendant objects to the number of hours expended by the plaintiff as unreasonable. Specifically, the defendant argues that "the Plaintiff's time records contain numerous duplicative entries and the hours expended were excessive, redundant, or otherwise unnecessary . . . ." Doc. 137 at 4. In support, defendant lists five separate entries by attorney Willis for "Research pertaining to discoverability of insurer's claim file" and ten separate entries by attorney Willis related to drafting and revising motions to compel, motions for sanctions, and motions for default judgment. Defendant fails to specify why these entries are excessive, redundant, or otherwise unnecessary but asks the Court to arbitrarily reduce the corresponding fees by one-third.

Based on the nature of the litigation leading to the Court's order granting default

judgment, the Court finds that the number of hours plaintiff expended on research and motions in obtaining discovery from defendant was directly related to defendant's failure to comply with its discovery obligations and the Court's order. As such, the Court finds that the defendant expended a reasonable number of hours attempting to obtain discovery from defendant.

The defendant objects to plaintiff's requested paralegal fees. Specifically, the defendant argues that the plaintiff seeks to recover fees associated with purely clerical work. Florida Statute § 57.104 provides that "the court shall consider, among other things, time and labor of any legal assistants who contributed nonclerical, meaningful legal support to the matter involved . . . ." Fla. Stat. § 57.104; *see also Dayco Products v. McLane*, 690 So. 2d 654 (Fla. 1st DCA 1997) (finding that paralegal time for fax transmissions and telephone conferences was clerical and thus not recoverable).

The defendant asserts that 1.4 hours arranging copy services by Linda M. Mulhall and 0.7 hours calendaring events by Mary E. Emmanuel are purely clerical tasks that do not qualify as "meaningful legal support." The Court agrees and finds that the paralegal time billed by Ms. Mulhall should be reduced by 1.4 hours and the paralegal time billed by Ms. Emmanuel should be reduced by 0.7 hours.

The defendant also objects to the hourly rates for plaintiff's paralegals as vague and unreasonable. The plaintiff has requested $170.00 and $180.00 an hour for Ms. Mulhall and $125.00 and hour for Ms. Emmanuel. The defendant again argues that two different hourly rates preclude the Court from finding the fees reasonable and submits that $65.00 an hour is a more appropriate rate for paralegal services.

As stated previously, the Court finds that an annual rate increase accounts for the two hourly rates.  The plaintiff's request states that Ms. Mulhall was a law librarian for eleven years prior to becoming a Florida registered paralegal and has been working as a paralegal for eighteen years.  Despite Ms. Mulhall's significant training and experience, the Court finds that her hourly rate is above the prevailing market rate for paralegal services in the relevant legal community.  Accordingly, the Court finds that Ms. Mulhall's hourly rate should be reduced to $125.00 an hour.  The plaintiff has not submitted any evidence regarding Ms. Emmanuel's training or experience.  Accordingly, the Court finds that Ms. Emmanuel's hourly rate should be reduced to $100.00 an hour.

Based on the above reductions in billable hours and rates, the Court finds that Ms. Mulhall expended 9.0 hours at $125.00 an hour for a total of $1,125.00 and Ms. Emmanuel expended 6.6 hours at $100.00 an hour for a total of $660.00, which reduces the total award by $1,162.00.

Finally, the defendant objects to plaintiff's request for reimbursement for travel costs, which are not specifically enumerated in 28 U.S.C. § 1920.  The plaintiff requests $1,480.57 in travel expenses for attorneys Major, Marino, and Brady to attend hearings related to obtaining discovery from defendant.  The defendant is correct that attorney travel expenses are not taxable costs under 28 U.S.C. § 1920.  However, when a court sanctions a party for failure to comply with a court order, pursuant to Rule 37(b), the Federal Rules of Civil Procedure Rule require the court to order the sanctioned party, the party's attorney, or both, "to pay the reasonable expenses, including attorney's fees,

caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). As such, the Court is not limited to expenses specifically enumerated in 28 U.S.C. § 1920. Here, plaintiff's counsel was required to travel from Miami to Gainesville to attend hearings on their motions to compel and for sanctions. Accordingly, the Court finds that plaintiff's attorneys' travel expenses are reasonable expenses related to obtaining discovery from defendant.

In view of the foregoing, it is respectfully **RECOMMENDED** that:

1.   Defendant's counsel[2] be ordered to pay plaintiff $30,969.40 plus interest, at the federal rate, on the award from May 13, 2011, the date of the sanctions order.[3] This award represents the reasonable expenses, including attorney's fees, incurred in obtaining discovery from defendant, including time spent obtaining the sanctions order.

**IN CHAMBERS** this 1st day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Pursuant to the order imposing sanctions, Doc. 106, defendant's counsel of record is required to satisfy personally the plaintiff's reasonable costs and attorney's fees.

[3] Under Florida law, "[p]rejudgment interest begins to accrue on the date the entitlement to attorney fees is fixed through agreement, arbitration award, or court determination." *Butler v. Yusem*, 3 So. 3d 1185, 1186 (Fla. 2009). Thus, Plaintiff is entitled to interest from the date the Court determined Plaintiff was entitled to an award of fees.
*Case No: 1:09-cv-00211-MP-GRJ*