IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

B-K CYPRESS LOG HOMES INC,

    Plaintiff,

v.    CASE NO. 1:09-cv-00211-MP-GRJ

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 149, Defendant's Motion to Compel Deposition Dates from Plaintiff, or alternatively, Motion to Preclude, by Auto-Owners Insurance Company ("Auto-Owners"), and Doc. 157, Plaintiff's Motion to Quash Auto-Owner's Subpoenas, by B-K Cypress Log Homes Inc. ("B-K Cypress").

The parties are currently engaged in discovery. Most recently, Auto-Owners served three subpoenas for depositions, one upon B-K Cypress' expert, Dr. Stanley P. Stephenson, and two upon B-K Cypress representatives, James Keeton, and Randy Hunziker. B-K Cypress objected to the subpoenas and Auto-Owners filed its motion to compel the deposition dates. Doc. 149. Thereafter, B-K Cypress filed its own motion to quash the subpoenas arguing that Auto-Owners is precluded from conducting discovery in this case and that the subpoenas were procedurally flawed. Doc. 157. These motions and the arguments supporting them are addressed below.

In its motion to compel, Auto-Owners argues that it is entitled to depose Dr. Stephenson, Mr. Keeton, and Mr. Hunziker because (1) the depositions are likely to lead to relevant, non-privileged, admissible evidence, (2) Dr. Stephenson, Mr. Keeton,

and Mr. Hunziker are scheduled to testify at trial, and (3) forbidding it to do so would result in unfair prejudice.  In response, B-K Cypress argues that the subpoenas are substantively unfair and procedurally flawed.  Specifically, B-K Cypress argues that (1) by failing to include the text of Fed. R. Civ. P. 45(c) and (d) in the subpoenas, Auto-Owners violated Fed. R. Civ. P. 45 (a)(1)(A)(iv), which requires that such text be included in all subpoenas, and (2) because Auto-Owners scheduled the deposition dates for times when Dr. Stephenson, Mr. Keeton, and Mr. Hunziker are allegedly unavailable, Auto-Owners violated Fed. R. Civ. P. 45(c)(1), which requires that the party or attorney responsible for the issuance and service of a subpoena take reasonable steps to avoid imposing undue burden or expense upon a deponent.  Additionally, in its motion to quash, B-K Cypress argues, as it has done in many previous filings, that Auto-Owners is not entitled to conduct discovery as to damages because it "squandered its opportunity" to conduct discovery in the first instance.  Doc. 158.  Auto-Owners responded with the same arguments that it set forth in its motion to compel, stating that fairness and equity support its right to depose Dr. Stephenson, Mr. Keeton, and Mr. Hunziker.

First, Auto-Owners is not precluded from conducting discovery in this case.  As the Court made clear in its Order granting B-K Cypress' motion for clarification, "Auto-Owners may not contest liability but will be permitted to contest damages.  If discovery on damages is required, the parties are directed to agree to the extent of that discovery or file a motion with the Court."  Doc. 121.  Both parties are entitled to depose persons in preparation for trial in accordance with the Federal Rules and this Court's Orders.  As noted in the Court's Scheduling Order, Doc. 152, discovery is permitted until

*Case No: 1:96-cr-00020-MP-AK-4*

December 16, 2011.  Accordingly, B-K Cypress' Motion to Quash Auto-Owner's Subpoenas, Doc. 157, is denied.

With regard to Auto-Owners' motion to compel, as B-K Cypress point out the subpoenas served upon Dr. Stephenson, Mr. Keeton, and Mr. Hunziker are flawed, both substantially and procedurally.  Not only do the subpoenas fail to meet the express requirements of Fed. R. Civ. P. 45 (a)(1)(A)(iv), in both content and form, but by scheduling depositions without adequate notice and during times when the subpoenaed party is unavailable, Auto-Owners has failed to take adequate steps to avoid imposing undue hardship or expense upon the subjects of the subpoenas.  For these reasons, Auto-Owner's Motion to Compel Deposition Dates, Doc. 149, is denied.

Having determined that Auto-Owners is entitled to depose the persons at issue, and considering the looming discovery deadline, the Court will impose the following time frame for the scheduling of the depositions at issue.  On or before November 25, 2011, B-K Cypress shall provide Auto-Owners with three dates of availability for each deponent, Dr. Stanley P. Stephenson, James Keeton, and Randy Hunziker.  On or before December 2, 2011, Auto-Owners shall serve a subpoena in accordance with all Federal Rules upon any or all of the deponents listed above if it intends to depose those persons in this case.

Accordingly, it is now **ORDERED** as follows:

1. Auto-Owners' Motion to Compel Deposition Dates from Plaintiff, or alternatively, Motion to Preclude, Doc. 149, is DENIED.

2. B-K Cypress' Motion to Quash Auto-Owner's Subpoenas, Doc. 157, is DENIED.

3. On or before November 25, 2011, B-K Cypress shall provide Auto-Owners

     with three dates of availability for each deponent, Dr. Stanley P. Stephenson, James Keeton, and Randy Hunziker.

4. On or before December 2, 2011, Auto-Owners shall serve a subpoena in accordance with all Federal Rules upon any or all of the deponents listed above if it intends to depose those persons in this case.

**DONE AND ORDERED** this 18th day of November, 2011.

                         *s/Gary R. Jones*
                         GARY R. JONES
                         United States Magistrate Judge