IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

B-K CYPRESS LOG HOMES INC,

      Plaintiff,

v.                                CASE NO. 1:09-cv-00211-GRJ

AUTO-OWNERS INSURANCE
COMPANY,

      Defendant.
_____/

## O R D E R SETTING PRETRIAL CONFERENCE AND SETTING  TRIAL

On March 8, 2012 the Court held a telephonic status conference. At the hearing the parties advised the Court that the parties consented to the United States Magistrate Judge conducting all proceedings including trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The parties advised the Court that the consent from would be filed after the hearing. Accordingly, consistent with the dates agreed upon at the hearing, the following pre-trial schedule and procedure is established:

I.      **DATES FOR COMPLIANCE WITH PRE-TRIAL PROCEDURE**

      A.      This case is set for pre-trial conference before Magistrate Judge Gary R. Jones at **Gainesville**, Florida, on **JUNE 8, 2012**  at  **2:00 P.M.**

      B.      The attorney's conference required by paragraph II shall be held no later than **JUNE 1, 2012.**            .

      C.      The pre-trial stipulation and other pages required by paragraphs III and IV shall be filed with the Clerk of this Court on or before **JUNE 6, 2012.**

D.      This case will be tried commencing on **JUNE 26, 2012**

at **Gainesville**, Florida beginning at **9:00 a.m.**

E.      The deadline for filing motions for summary judgment and *Daubert*

motions is **APRIL 9, 2012.** Responses to motions for summary judgment

and *Daubert* motions shall be due by **MAY 4, 2012**.

F.      The deadline to file motions in limine is **MAY 18, 2012**.

## II.      ATTORNEYS TO CONFER

Counsel for all parties shall meet together, on or before the date specified in

paragraph I. B. of this order, for the following purposes:

A.      To discuss the possibility of settlement;

B.      To stipulate to as many facts and issues as possible;

C.      To draw up a pre-trial stipulation in accordance with paragraph III of this

order;

D.      To examine all exhibits and documents proposed to be used in the trial;

E.      To furnish opposing counsel the names and addresses of <u>all</u> witnesses,

including possible rebuttal witnesses and experts;

F.      To discuss the question of damages, including matters of evidence and

proof to which either party proposes to present at trial and the law in

regard thereto; and

G.      To complete all other matters which may expedite both pre-trial and the

trial of this case.

Counsel for the plaintiff shall initiate arrangements for the attorneys' conferences.

However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order.  If the schedule is not kept by any counsel, it is the duty of the other counsel to insist upon the necessary meeting or meetings to effect the pre-trial stipulation and failing to succeed, to advise this Court by motion seeking sanctions against any party failing or refusing to meet as directed, after request.

## III.    PRE-TRIAL STIPULATION

The pre-trial stipulation shall contain the following;

A.    The basis of federal jurisdiction;

B.    A concise statement of the nature of the action;

C.    An itemized statement of the categories of damages sought;

D.    A brief general statement of each party's case;

E.    A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection;

F.    A list of the names and addresses of <u>all</u> witnesses, including rebuttal and expert, intended to be called at the trial by each party.  Expert witnesses shall be labeled as such;

G.    A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admission;

H.    A concise statement of those issues of law on which there is agreement;

I.    A concise statement of those issues of fact which remain to be litigated;

J.    A concise statement of those issues of law which remain for a

determination by the Court;

K.   A concise statement of any disagreement as to the application of the Rules of Evidence or the Federal Rules of Civil Procedure;

L.   A list of all motions or other matters which require action by the Court;

M.   A statement whether this is a jury or non-jury trial case;

N.   Counsels' respective estimates of the length of trial; and

O.   The signature of counsel for all parties.

## IV.   PAPERS TO BE SUBMITTED

No later than the date specified in paragraph I. C. of this order, the parties shall file with the Clerk of the Court:

A.   The pre-trial stipulation prepared in accordance with paragraph III of this order.

B.   Each side shall also submit to the Clerk of the Court for filing, with copy to opposing counsel, a trial brief or memorandum with citation to authorities and arguments in support of that side's position on all disputed issues of law.

C.   Counsel for each party in any <u>jury</u> trial shall make every effort in good faith to agree upon a set of proposed jury instructions.  All instructions to which the parties agree, along with a proposed verdict form, shall be submitted to the Clerk of the Court for filing.  If a party wishes to propose an instruction to which another party does not agree, the party proposing the instruction shall submit the instruction separately, along with a supporting

memorandum of law. Upon approval of a set of instructions by the Court, the parties will be responsible for printing the instructions in final form for submission to the jury.

D.   Counsel for each party in a <u>non-jury</u> trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, proposed written findings of fact and conclusions of law or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation to authorities where appropriate (see Fed. R. Civ. P. 52).

E.   Counsel for each party in any case shall arrange with the Clerk of the Court for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party.

## V.   CONDUCT OF THE PRE-TRIAL CONFERENCE

A.   Counsel who will conduct the trial are required to be present for the pre-trial conference.  Counsel must be prepared to act with final authority in the resolution of all matters.

B.   The Court will ordinarily dispose of all motions and other matters then at issue.  The Court will review all matters contained in the pre-trial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

C.   Counsel will be prepared to discuss, and there will be discussed, the

prospects of settlement.

## VI.   PRE-TRIAL ORDER

A.   Counsel for all parties, with counsel for plaintiffs taking the initiative, shall submit a pre-trial order for the Court's approval within ten (10) days after the pre-trial conference.  The pre-trial order so prepared shall incorporate and modify the pre-trial stipulation in light of any additional agreements reached and rulings made at the pre-trial conference.

B.   After the pre-trial order is entered by the Court, the pleadings will be merged therein and the pre-trial order will control the course of the trial and may not be amended except by order of the Court in furtherance of justice.

## VII.   NEWLY DISCOVERED EVIDENCE OR WITNESSES

If new evidence or witnesses are discovered after the pre-trial conference, the party desiring to use the same shall immediately furnish the complete details thereof, together with the reason for the late discovery, to the Court and to opposing counsel. Use of such evidence or witnesses shall then be allowed only by order of the Court in furtherance of justice.

## VIII.   ADDITIONAL PRE-TRIAL CONFERENCES

If necessary or advisable, the Court may adjourn the pre-trial conference from time to time or may order additional pre-trial conferences.

## IX.   SPECIAL MATTERS

A.   Counsel will advise the Court of the number of jurors they desire, whether

they will accept a verdict from less than a unanimous jury, and whether

they will accept a verdict from a jury of less than six (6).

B.    If this case is settled prior to the pre-trial conference, it is the responsibility

of the parties to see that the Court is immediately advised.

C.    Voir dire examinations of jurors will be conducted by the Court.  If a party

wishes to submit voir dire questions for the Court's consideration, the

same must be in writing and filed with the Clerk of the Court at least seven

(7) days prior to trial, with copy to opposing counsel.  At the conclusion of

the Court's voir dire examination, reasonable opportunity will be given for

counsel to ask questions they believe should properly be asked because

of answers given or other matters occurring during voir dire, not

satisfactorily explained by the Court's inquiry.

D.    Jury selection will be accomplished in the following manner.  The entire

panel will be examined, after which the attorneys will be given the

opportunity to exercise challenges.

**DONE AND ORDERED** this 8th day of March, 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge